**Alan Eugene WHITE, Petitioner,**

v.

**SALINE COUNTY DISTRICT COURT, et al., Respondents.**

**No. 96–3607–DES.**

United States District Court, D. Kansas.

Dec. 31, 1996.

Benjamin C. Wood, Melody J. Evans, Death Penalty Defense Unit, Topeka, KS, for petitioner.

### ORDER

SAFFELS, Senior District Judge.

This matter is before the court on a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner seeks a court order denying the collection of hair and saliva samples by state prosecutors.

Petitioner is accused of four counts of capital murder and other charges and is detained at the Saline County Jail, Salina, Kansas. The prosecution filed a motion in the state district court seeking authorization to collect samples of petitioner's blood, hair, and saliva. Petitioner voluntarily submitted to the extraction of blood. A hearing was conducted on the remaining requests on December 13, 1996, and the state district court granted the motion. Petitioner then unsuccessfully sought relief in the Kansas Court of Appeals and the Kansas Supreme Court. The court concludes petitioner is "in custody" for purposes of § 2241 and that he has exhausted available state court remedies.

Petitioner seeks relief from the state court's order on the grounds that there is neither probable cause nor compelling necessity for the samples sought. In examining petitioner's motion, the court is mindful of the principle that "federal habeas corpus does not lie, absent 'special circumstances', to adjudicate the merits of an affirmative de-fense to a state criminal charge prior to a judgment of conviction by a state court." *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 489, 93 S.Ct. 1123, 1127, 35 L.Ed.2d 443 (1973). The *Braden* Court specifically noted, "nothing we have said would permit the derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Id.* at 493, 93 S.Ct. at 1129. The court also considers relevant the limited scope of review in habeas corpus for claims of Fourth Amendment violations when the state has provided an opportunity for litigation of the petitioner's claims. *Stone v. Powell,* 428 U.S. 465, 481–82, 96 S.Ct. 3037, 3046, 49 L.Ed.2d 1067 (1976); *Miranda v. Cooper,* 967 F.2d 392, 401 (10th Cir.1992). Thus, although the nature of plaintiff's motion is limited, the court is persuaded that considerable deference is due the findings of the state courts at this juncture.

Here, the state seeks to collect various samples from petitioner's person for scientific testing in the preparation of its prosecution of petitioner for multiple counts of murder and other charges. Although little of the factual background of the crimes and investigation is before the court, it is apparent that such an investigation is complicated by the presence of multiple victims and that the investigation involves at least one incident of sexual contact. Given the nature of the charges and the penalty sought by the prosecution, the necessity of a thorough evaluation of the evidence cannot be gainsaid. These factors must be balanced against the obvious intrusion on petitioner presented by the collection sought and the need for such samples.

Having considered petitioner's arguments, the court finds no basis to grant the writ. While it is true the collection of samples from plaintiff will involve a significant intrusion, it is apparent the samples are sought incident to a complex scientific investigation, and that the samples are of a kind routinely sought in the investigation of violent crime. The court concludes the findings of the trial court and state appellate courts are a reasonable determination and declines to issue a stay in this matter.

IT IS THEREFORE ORDERED petitioner's application for a pretrial writ of habeas corpus and his motion for a stay are denied.